# Exhibit 1



**COPY**

SEP − 7 2017

MICHAEL K. JEANES, CLERK
C. LOPEZ
DEPUTY CLERK

1  **SURRANO LAW OFFICES**
Attorneys at Law

2  7114 E. Stetson Dr., Suite 300
3  Scottsdale, Arizona 85251
Phone:  (602) 264-1077
4  Fax:  (602) 264-2213

5  Charles J. Surrano III (007732) cjs@surranolawfirm.com
John N. Wilborn (013714) jnw@surranolawfirm.com
6  AZTurboCourt e-service distribution: surranolaw@gmail.com
Attorneys for Plaintiff

7

8  ## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9  ## IN AND FOR THE COUNTY OF MARICOPA

10  Diana Okabayashi, an Arizona Resident,      Case No. CV 2 0 1 7 − 0 1 0 8 7 1

11
Plaintiff,
12
**COMPLAINT**
13       vs.

14  The Travelers Home and Marine Insurance
Company, a Foreign Insurer,
15
Defendant.
16

17       Plaintiff, Diana Okabayashi ("Plaintiff"), for her Complaint against the named

18  Defendant alleges and states as follows:

19  1.    Plaintiff is an Arizona Resident and for all acts alleged herein resided in the State

20        of Arizona, County of Maricopa.

21  2.    That Defendant, The Travelers Home and Marine Insurance Company

22        (hereinafter, "Travelers") is a duly organized and existing corporation, existing

23        by the virtues of the laws of the State of Arizona and is authorized to transact

24        insurance business in the State of Arizona and for all acts alleged herein did and

25        continues to transact business in the State of Arizona.

26

1

1   3.   That Travelers caused events in the State of Arizona, County of Maricopa, out of

2   which Plaintiff cause of action arises.

3   4.   That the Plaintiff was the named insured under an insurance policy issued by

4   Travelers that included bodily injury and uninsured (UM) and underinsured

5   (UIM) motorist coverages in the limit amounts of $100,000 per person and

6   $300,000 per occurrence.

7   5.   That Travelers then issued Policy No. 9426550191012.

8   6.   That during the policy period, on April 16, 2012, Plaintiff was driving when she

9   was involved in a serious collision.

10  7.   That Plaintiff suffered serious soft tissue injuries and an aggravation of her

11  serious and chronic pre-existing conditions.

12  8.   That at the time of the collision, the at-fault driver, Brandy Jean Holbrook, was

13  underinsured.

14  9.   That through attorney Geoffrey Trachtenberg of Levenbaum Trachtenberg, PLC,

15  Plaintiff made a policy limits demand on Holbrook.

16  10.  That the insurer for Holbrook tendered the policy limit of $25,000.

17  11.  That Plaintiff incurred medical bills as follows:

18

| DATES OF SERVICE | PROVIDER | AMOUNT |
|---|---|---|
| 04/16/12 | City of Phoenix ETS | $ 768.70 |
| 04/16/14 | Banner Good Samaritan Medical Center | $ 20,169.00 |
| 04/16/12 | Emergency Professional Services | $ 725.00 |
| 04/16/12 | AZ Banner Hospital Based Clinics | $ 780.00 |
| 04/17/12 | Jay R. Long, MD | $ 185.00 |
| 04/17/12 – 09/11/14 | Arizona Neurological Institute | $ 48,809.35 |
| 04/26/12 – 05/02/13 | Jill Zweig, DO | $ 667.50 |
| 04/26/12 – 06/15/15 | Simon Medical Imaging | $ 5,978.08 |
| 05/04/12 | MVP Orthopedics & Sports Medicine | $ 941.00 |
| 08/07/12 – 03/06/13 | Banner Thunderbird Surgery Center | $ 36,634.00 |

| 03/28/13 – 06/26/13 | Metro Physical Therapy | $  3,455.00 |
| 03/10/14 – 06/23/16 | The Core Institute | $ 43,406.34 |
| | **TOTAL** | **$162,518.97** |

12.    That Plaintiff suffered and continues to suffer from headaches, and head and back pain.

13.    That the tendering of policy limits created a situation in which Plaintiff was entitled to a claim for UIM benefits.

14.    That Plaintiff, through her attorneys, made a demand for policy limits of $100,000 for UIM coverage on Defendant Travelers on March 12, 2015.

15.    That any reasonable insurer would have tendered policy limits of $100,000 within 30 days of receiving the Plaintiff's demand letter.

16.    That Travelers never made any offer to the Plaintiff.

17.    That thereafter, Plaintiff, through her attorneys, expressly informed Travelers' adjuster that she would be filing a lawsuit. Plaintiff was forced to file a lawsuit in the Maricopa County Superior Court, incurring filing fees and service of process fees, in order to receive her contractual UIM benefits. That matter was later removed by Travelers to Federal District Court.

18.    That Travelers forced the Plaintiff to arbitration by filing a motion to dismiss, and without having demanded arbitration prior to the filing of the lawsuit.

19.    That when the court granted the motion to dismiss and ordered the Plaintiff and Travelers to go to arbitration, Travelers filed a motion to recover its attorneys' fees and costs from the Plaintiff. However, Travelers knew, or should have known, that the Travelers' policy expressly granted Plaintiff the right to file a lawsuit when Travelers had not requested arbitration. Travelers falsely averred to Federal District Court that arbitration was a condition precedent to filing a

1    lawsuit, and falsely accused Plaintiff of breaching the contract by filing the
2    lawsuit rather than agreeing to arbitration (that was never requested by Travelers
3    prior to the filing of the lawsuit).

4    20.   That Travelers argued that Plaintiff was not hurt in the accident and that all her
5          injuries pre-existed the accident.

6    21.   That Travelers asked Dr. Harry S. Tamm to perform a medical exam of the
7          Plaintiff.

8    22.   That Travelers still would not make an offer.

9    23.   That Travelers' only argument at the arbitration was that Plaintiff was not
10         entitled to $100,000 in UIM benefits, and that if Plaintiff were to receive an
11         award, that is should be less than the amount of her medical specials that
12         Travelers had admitted were reasonable, necessary and causally related the
13         subject claim.

14   24.   That at the arbitration Travelers called its only witness, Dr. Tamm, to testify
15         telephonically, and otherwise, only presented reports from doctors.

16   25.   That the arbitrators awarded the Plaintiff $175,000, thereby entitling her to
17         policy limits of $100,000.

18   26.   The arbitration award is also evidence that Travelers' evaluation of the Plaintiff's
19         claim was patently unreasonable

20   27.   That the Plaintiff was forced to wait more than 4 years from the accident for her
21         policy benefits, forced to jump through hoops and economically suffer without
22         much needed policy benefits.

23                              **COUNT ONE: BAD FAITH**

24   28.   That the Plaintiff hereby repeats, realleges and restates each and every allegation
25         of the foregoing as if more fully set forth herein Count Two of Plaintiff's
26         Complaint.

4



29.   That the policy of insurance issued by Travelers constitutes a contract of insurance.

30.   That by virtue of the actions, conduct and omissions, in the investigation, adjudication, administration and delay of the Plaintiff's claim for benefits, Travelers acted with reckless disregard of its conduct and acted in an unreasonable manner constituting a breach of the duty of good faith and fair dealing or, bad faith.

31.   That, among other things, Travelers' acts of bad faith include but are not limited to:

   a.   Failing to adequately, promptly and fairly investigate the issues of the UIM claim and promptly pay a reasonable amount or make a reasonable offer;

   b.   Arbitrarily deciding to offer no money as a full UIM settlement offer to the Plaintiff;

   c.   Hiring an arbitrator who was a former employee of Travelers and who, upon information and belief, act in a biased manner toward the Plaintiff's claim;

   d.   Knowingly or recklessly lowballing the Plaintiff; and/or;

   e.   Knowingly or recklessly requiring the Plaintiff to litigate her claim;

   f.   Knowingly or recklessly seeking attorneys' fees from the Plaintiff when she attempted to litigate her claim in Federal Court;

   g.   Requiring the Plaintiff to jump through procedural and adversarial hoops in order to get the rightful benefits to her claim; and

   h.   Other acts which may be discovered during the pendency of this case.

32.   That Travelers' conduct in delaying the payment of full policy limits of $100,000 is an unreasonable act that ultimately caused damage, both direct and

consequential, to the Plaintiff, including ruination of credit, damage to credit reputation and forcing the Plaintiff to use credit cards and seek family loans to make ends meet during the delay.

33. That Travelers, has consciously disregarded the likelihood that it would harm Plaintiff by its actions and constitutes conduct entitling Plaintiff to an award of punitive damages.

WHEREFORE, the Plaintiff, having fully averred their complaint pray for judgment to be entered in their favor and against Travelers as follows:

1. For all special damages incurred;

2. For all general damages incurred;

3. For all consequential damages incurred;

4. For interest under A.R.S. § 20-462.

5. For punitive damages;

6. For reasonable attorneys' fees and costs to be paid pursuant to A.R.S. § 12-341.01; and

7. For such other and further relief as this Court deems proper in the premises.

DATED this 6th day of September, 2017.

SURRANO LAW OFFICES

By: _____

Charles J. Surrano, III
John N. Wilborn
Attorneys for Plaintiff