**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diana Okabayashi, | No. CV-17-03612-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Travelers Home and Marine Insurance Company, | |
| Defendant. | |

Before the Court is Defendant Travelers Home and Marine Insurance Company's ("Travelers") Motion for Summary Judgment (Doc. 20). Plaintiff Diana Okabayashi ("Plaintiff") filed a Response (Doc. 34) and Travelers filed a Reply (Doc. 36).[1]

**I.  BACKGROUND**

In 2001 Plaintiff was involved in a car accident ("2001 Accident") in which "she suffered a right shoulder injury, cervical disk protrusions, thoracic and lumber back injuries, traumatic brain injury (TBI), rotator cuff tear, PTSD and a right foot injury." (Doc. 35, Pl.'s Resp. to DSOF ("PSOF") ¶¶ 44-45; *see also* Doc. 25, Def.'s Statement of Facts in Supp. of MSJ ("DSOF") ¶ 6).[2] On April 16, 2012, Plaintiff was involved in a car accident with non-party Brandy Jean Holbrook ("2012 Accident"). (DSOF ¶ 5;

---

[1] Although requested, the Court does not find that oral argument on the Motion would assist the Court in its determination of the issues because the parties have had an adequate opportunity to present their written arguments. Therefore, oral argument is unnecessary, and Defendant's request is denied. *See* Fed.R.Civ.P. 78(b); LRCiv. 7.2(f).

[2] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

PSOF ¶¶ 5, 40). At the time of the 2012 Accident, Plaintiff was insured by Travelers and her policy included underinsured motorist ("UIM") coverage of $100,000 per person limit, and $300,000 limit per occurrence. (DSOF ¶ 1; PSOF ¶ 1). The policy also contained an arbitration clause that governed coverage disputes. (DSOF ¶ 4; PSOF ¶ 4).

On April 17, 2012, the day after the 2012 Accident, Travelers spoke with Plaintiff regarding the accident and any injuries she may have sustained in the accident. (DSOF ¶ 6; PSOF ¶¶ 6, 47). During that conversation, Plaintiff informed Travelers of the 2001 Accident. (DSOF ¶ 6; PSOF ¶¶ 6, 47). For the next two months, Travelers attempted to contact Plaintiff at least seven times regarding her injuries related to the 2012 Accident and informing her that Travelers needed additional information to evaluate her claim, including medical records. (DSOF ¶¶ 7-13; PSOF ¶¶ 7-13).

In February 2014, Holbrook's insurance tendered the bodily injury policy limit of $25,000 to Plaintiff to resolve the bodily injury claims against Holbrook. (PSOF ¶ 55). Plaintiff alleges that the policy limit was inadequate to fully compensate her for injuries. (*Id.* ¶ 56). In a letter dated March 12, 2015—nearly three years after the 2012 Accident— Plaintiff's counsel provided Travelers with over 500 pages of medical records and billing invoices for treatment Plaintiff received following the 2012 Accident and demanded Travelers tender the UIM policy limits of $100,000. (DSOF ¶ 14; PSOF ¶¶ 14, 58-60). On March 17, 2015, Travelers emailed Plaintiff's counsel confirming receipt of the demand and requested that the deadline to respond to Plaintiff's demand be extended to April 14, 2015. (DSOF ¶ 15; PSOF ¶ 15). On March 30, the parties agreed to extend the deadline for Travelers to respond to Plaintiff's demand to April 3, 2015. (DSOF ¶ 16; PSOF ¶¶ 16, 62).

On April 16, 2015, Plaintiff filed suit against Travelers in Arizona state court, alleging claims for breach of contract and bad faith ("2015 Case"). (DSOF ¶ 18; PSOF ¶ 18). On April 22, 2015, Travelers retained Dr. Harry S. Tamm to review the medical records Plaintiff submitted with her demand letter. (DSOF ¶ 19; PSOF ¶ 19). Dr. Tamm identified several pertinent medical records that were not included with Plaintiff's

demand. (DSOF ¶ 20; PSOF ¶ 20). On May 7, 2015, Travelers requested that Plaintiff either provide the identified medical records or provide a medical record release so that Travelers could obtain the records directly from the providers. (DSOF ¶ 20; PSOF ¶¶ 20, 69). Travelers removed the 2015 Case to federal court[3] and filed a Motion to Dismiss or, in the Alternative, to Stay All Proceedings and Compel Arbitration. (DSOF ¶¶ 21-23; PSOF ¶¶ 21-23, 70). On November 26, 2018, the Court granted Travelers's Motion finding that "a valid and enforceable agreement to arbitrate exist[ed]" and the "dispute [fell] within the scope of the parties' mutual agreement to arbitrate." *Okabayashi v. Travelers Home & Marine Ins. Co.*, 2015 WL 6447400, at *2-3 (D. Ariz. Oct. 26, 2015); (DSOF ¶ 41; PSOF ¶¶ 24, 71). Travelers then filed a Motion for Attorneys' Fees, which the Court denied. (DSOF ¶ 26; PSOF ¶¶ 26, 72, 74).

The matter then proceeded to arbitration. (DSOF ¶¶ 25, 34; PSOF ¶¶ 25, 78). Travelers again requested Plaintiff's medical records or a medical records release on November 16, 2015, January 13, 2016, March 15, 2016, and March 28, 2016. (DSOF ¶¶ 25, 27-29; PSOF ¶¶ 25, 27-29). Dr. Tamm, the doctor retained by Travelers, performed an independent medical examination of Plaintiff on June 28, 2016, and also prepared a report of his findings that same day. (DSOF ¶ 30; PSOF ¶¶ 30, 77). Plaintiff provided additional medical records to Travelers on July 25, 2016. (DSOF ¶ 31; PSOF ¶¶ 31, 76). At Plaintiff's request, Dr. Kirk M. Puttlitz conducted a medical records review and provided his findings in a report dated September 25, 2016. (DSOF ¶ 32; PSOF ¶ 32). Dr. Tamm subsequently reviewed Dr. Puttlitz's report and determined that his opinions of Plaintiff's medical records remained unchanged. (DSOF ¶ 33; PSOF ¶ 33). The arbitration occurred on December 14, 2016, which resulted in an award in Plaintiff's favor, which was excess of the $100,000 UIM policy limit; thus, Travelers tendered the $100,000 UIM policy limit to Plaintiff on January 5, 2017. (DSOF ¶¶ 34-36; PSOF ¶¶ 34-36, 78, 82).

On September 6, 2017, Plaintiff filed this current action in Arizona state court

---

[3] *Okabayashi v. Travelers Home & Marine Ins. Co.*, No. 2:15-cv-01129-DLR (D. Ariz. June 19, 2015).

against Travelers alleging one claim of bad faith. (Doc. 1-1; DSOF ¶ 37; PSOF ¶ 37). Travelers subsequently removed the case to federal court on October 9, 2017. (Doc. 1; DSOF ¶ 38; PSOF ¶38).

## II. LEGAL STANDARDS

The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). The materiality requirement means "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law determines which facts are material. *Id.* The dispute must also be genuine, meaning the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 242. The Court determines whether there is a genuine issue for trial but does not weigh the evidence or determine the truth of matters asserted. *Jesinger*, 24 F.3d at 1131.

The moving party bears the initial burden of identifying the portions of the record, including pleadings, depositions, answers to interrogatories, admissions, and affidavits that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S., at 323. If the moving party meets its initial burden, the opposing party must establish the existence of a genuine dispute as to any material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party. *Anderson*, 477 U.S., at 249. "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249–50. However, the evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. A plaintiff cannot create a genuine issue for trial based solely upon subjective belief. *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996).

## III. DISCUSSION

Here, Plaintiff's Complaint contains only one claim for bad faith, but it also contains a request for an award of punitive damages. (Doc. 1-1). Travelers argues that Plaintiff's claim is either barred by the doctrine of claim preclusion[4] or because Plaintiff's claim for bad faith fails as a matter of law. Plaintiff argues that its claim is neither barred by claim preclusion nor fails as a matter of law, but requests that the Court delay a decision on Travelers's Motion for Summary Judgment to permit additional discovery pursuant to Federal Rule of Civil Procedure ("Rule") 56(d).

### A. Rule 56(d) Discovery

A party requesting a continuance, denial, or other order under Rule 56(d) must demonstrate that: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). Rule 56(d) provides "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). A party seeking additional discovery under Rule 56(d) must "explain what further discovery would reveal that is

---

[4] Arizona courts "consider 'claim preclusion' synonymous with 'res judicata' and 'issue preclusion' synonymous with 'collateral estoppel.'" *Howell v. Hodap*, 212 P.3d 881, 884 (Ariz. Ct. App. 2009); *see also Airfreight Express Ltd. v. Evergreen Air Ctr., Inc.*, 158 P.3d 232, 236 n. 3 (Ariz. Ct. App. 2007) (using the "more modern terms 'claim preclusion' instead of 'res judicata' and 'issue preclusion' instead of 'collateral estoppel'"). Here, the Court will use the modern term of "claim preclusion." *See Circle K Corp. v. Indus. Comm'n*, 880 P.2d 642, 645 (App. 1993) (recognizing "res judicata and collateral estoppel" as more confusing and less descriptive compared to "claim preclusion" and "issue preclusion"). Additionally, as discussed *infra*, the Court finds that Plaintiff's claim for bad faith fails as a matter of law; therefore, the Court will not address the merits of Travelers's arguments regarding claim preclusion; however, the Court notes that claim preclusion is an affirmative defense that must be plead when responding to a pleading, and here the Court is skeptical that Travelers has adequately plead the affirmative defense of claim preclusion in its Answer. *See* Ariz. R. Civ. P. 8(d)(1)(N); *Nienstedt v. Wetzel*, 651 P.2d 876, 883 (Ariz. Ct. App. 1982) (finding failure to plead claim preclusion constitutes a waiver of this defense). Furthermore, the Court finds that Travelers's arguments regarding claim preclusion are erroneously based on federal law because here the Court is sitting in diversity; thus, the Court must apply the claim preclusion law of the state in which it sits. *Jacobs v. CBS Broad., Inc.*, 291 F.3d 1173, 1177 (9th Cir. 2002).

'essential to justify [its] opposition' to the motion[ ] for summary judgment." *Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1194 (9th Cir. 1980) (first alteration in original). The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists and that it would prevent summary judgment. *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). Failing to meet this burden is grounds for the denial of a Rule 56(d) motion. *Pfingston v. Ronan Eng. Co.*, 284 F.3d 999, 1005 (9th Cir. 2002).

Here, Plaintiff has not identified with specificity the facts she hoped to elicit from further discovery; rather Plaintiff generally provided that she intended to depose three of Travelers's employees as "[t]hese person are person with knowledge of the file and person who can testify on their actions and whether their actions were reasonable given the circumstances." (Doc. 34 at 13). "A request at that level of generality is insufficient for Rule 56(d) purposes." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 679 (9th Cir. 2018), *cert. denied*, 18-878, 2019 WL 145253 (Feb. 19, 2019). Moreover, Plaintiff's Rule 56(d) affidavit does not enumerate any specific facts that she hoped to elicit from further discovery or provide any basis or factual support for her assertions that further discovery would lead to those facts. *Id.*; (Doc. 35-4). Thus, the Court will deny Plaintiff's request to delay a decision on summary judgment to permit additional discovery.

### B. Bad Faith

Plaintiff claims that "Travelers treated this claim without any regard for its obligation to act fairly with the Plaintiff." (Doc. 34 at 12). "An insurance contract is not an ordinary commercial bargain; implicit in the contract and the relationship is the insurer's obligation to play fairly with its insured." *Zilisch v. State Farm Mutual Auto Ins. Co.*, 995 P.2d 276, 279 (Ariz. 2000) (*en banc*) (citations and internal quotation marks omitted). Insureds are "entitled to receive the additional security of knowing that [they] will be dealt with fairly and in good faith." *Id.* at 276 (citations and internal quotation marks omitted). Although insurers do not owe fiduciary duties to their insureds, they do owe some duties of a fiduciary nature including equal consideration, fairness, and honesty. *Id.* at 279. The

insurer is obligated to conduct a prompt and adequate investigation, to act reasonably in evaluating the insured's claim, and to promptly pay a legitimate claim. *Id*. at 280.

The bad faith inquiry has two parts: (1) did the insurer act unreasonably and (2) did it know, or was it conscious of the fact that it was acting unreasonably? *Deese v. State Farm Mut. Auto. Ins. Co.*, 838 P.2d 1265, 1268 (Ariz. 1992) (*en banc*). This reasonableness test is then applied to two questions. *Bronick v. State Farm Mut. Auto Ins. Co.*, 2013 WL 3716600, *5 (D. Ariz. July 15, 2013). First, courts must determine whether the claim itself was "fairly debatable." *Id*; *see also Milhone v. Allstate Ins. Co.*, 289 F.Supp.2d 1089, 1094 (D. Ariz. 2003). Second, courts must determine whether the insurer was unreasonable in its claims-handling process. *Bronick*, 2013 WL 3716600, at *5.

In order to support a claim of bad faith, Arizona law requires that plaintiffs set forth facts which indicate that the insurer was unreasonable in evaluating and processing the plaintiff's claims. *See, e.g., Noble v. Nat'l Am. Life Ins. Co.*, 624 P.2d 866, 867 (Ariz. 1981); *see also Trus Joist Corp. v. Safeco Ins. Co. of Am.*, 735 P.2d 125, 134 (Ariz. Ct. App. 1986) (finding that whether the insurer acted objectively reasonable is the threshold test for all bad faith actions because when an insurer acts reasonably, there can be no bad faith). Whether the insurer acted reasonably under a particular set of circumstances is often a question of fact. However, there are times when the issue of bad faith is not a question appropriate for determination by the jury. *Aetna Cas. and Sur. Co. v. Maricopa County Super. Ct.*, 778 P.2d 1333, 1336 (Ariz. Ct. App.1989); *accord Lasma Corp. v. Monarch Ins. Co. of Ohio*, 764 P.2d 1118, 1122 (Ariz. 1988). This is one of those instances.

Here, to support her claim that Travelers acted in bad faith, Plaintiff essentially alleges three categories of Travelers's conduct that was unreasonable: (1) Travelers's failure to accept Plaintiff's March 12, 2015 pre-suit demand, (DSOF ¶¶ 6-17; PSOF ¶¶ 6-17, 58 65; Doc. 1-1 ¶¶ 14-17); (2) Travelers's failure to demand arbitration prior to Plaintiff filing the 2015 Case, (DSOF ¶¶ 23-26; PSOF ¶¶ 23, 25-26, 66-67, 70-75; Doc. 1-1 ¶¶ 18-

19); and (3) Travelers's conduct leading up to and during arbitration, (DSOF ¶¶ 25, 27-36; PSOF ¶¶ 25, 27-36, 76-83; Doc. 1-1 ¶¶ 20-26). However, the Court finds that Plaintiff's arguments are not supported by the evidence in the record.

The Court finds that the evidence shows that: (1) Plaintiff had been severely injured in the 2001 Accident and Dr. Tamm, who performed an independent medical examination on Plaintiff, remarked that "[l]iterally all of the symptoms that [Plaintiff] relates to the 2012 accident were present before but were subjectively worsened by that collision[,]" (Doc. 25-24 at 2; *see also* DSOF ¶¶ 6, 30; PSOF ¶¶ 6, 30); (2) Travelers spoke with Plaintiff on April 17, 2012, the day after her 2012 Accident and, despite repeated calls and letters from Travelers, Plaintiff did not contact Travelers for approximately thirty-five months, until on March 17, 2015, Travelers received Plaintiff's demand for the UIM policy limits, (DSOF ¶¶ 6-14; PSOF ¶¶ 6-14, 58-60); (3) Plaintiff's insurance policy's arbitration provision did not require that Travelers's demand arbitration prior to Plaintiff filing the 2015 Case; therefore, Travelers's demand for arbitration was timely and simply an exercise of its contractual right to arbitration, (Doc. 25-16; DSOF ¶ 24; PSOF ¶¶ 24, 71); (4) after Travelers received Plaintiff's demand on March 17, 2015, despite repeated requests, Plaintiff did not provide additional medical records until July 25, 2016, (DSOF ¶¶ 20, 25, 27-29, 31; PSOF ¶¶ 20, 25, 27-29, 31); and (5) after arbitration, Travelers promptly paid Plaintiff the UIM policy limits, (DSOF ¶¶ 34, 35; PSOF ¶¶ 34, 35). Put simply, Plaintiff's conclusory allegations of bad faith are not supported by law or the record, and therefore, the Court finds that there is not sufficient evidence in the record that Travelers acted unreasonably in processing Plaintiff's claim. *See Echanove v. Allstate Ins. Co.*, 752 F. Supp. 2d 1105, 1110 (D. Ariz. 2010) (granting defendant's motion for summary judgment finding that the insurer, which admitted to making errors and rectifying those errors after the problem was brought to its attention, did not breach its duty of good faith and fair dealing to its insured).

Given these facts, the Court finds that Travelers acted in a manner consistent with the way a reasonable insurer would be expected to act under similar circumstances.

Plaintiff failed to provide "sufficient evidence from which reasonable jurors could conclude that in the investigation, evaluation, and processing of the claim," Travelers "acted unreasonably and either knew or was conscious of the fact that its conduct was unreasonable." *Zilisch*, 995 P.2d at 280 (finding that the appropriate inquiry is "whether there is sufficient evidence from which reasonable jurors could conclude that in the investigation, evaluation, and processing of the claim, the insurer acted unreasonably and either knew or was conscious of the fact that its conduct was unreasonable."). Because there is insufficient evidence for a reasonable juror to reach such a conclusion, summary judgment is appropriate on the issue of bad faith.

## C. Punitive Damages

In a bad faith tort case against an insurance company, punitive damages may only be awarded if the evidence reflects "something more" than the conduct necessary to establish the tort. *Rawlings v. Apodaca*, 726 P.2d 565, 576 (Ariz. 1986) (*en banc*). "The requisite 'something more,' or 'evil mind,' is established by [clear and convincing] evidence that [the] defendant either (1) intended to injure plaintiff or (2) consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others." *Gurule v. Illinois Mut. Life and Cas. Co.*, 734 P.2d 85, 87 (Ariz. 1987) (*en banc*) (citations and internal quotation marks omitted).

Travelers correctly argues that there is no evidence that would support a claim for punitive damages. (Doc. 20 at 15). The Court has already determined that Travelers's conduct was reasonable; thus, Plaintiff is not eligible for punitive damages. *Prieto v. Paul Revere Life Ins. Co.*, 354 F.3d 1005, 1011 (9th Cir. 2004). Moreover, Plaintiff failed to provide any evidence suggesting that Travelers acted with the requisite intent to harm Plaintiff, or the "evil mind" necessary to support a claim for punitive damages. Thus, summary judgment is appropriate on the issue of punitive damages.

…

…

…

Accordingly,

**IT IS ORDERED** that Travelers's Motion for Summary Judgment (Doc. 20) is **GRANTED**. The Court respectfully requests that the Clerk of Court enter judgement accordingly and terminate this matter in its entirety.

Dated this 6th day of March, 2019.

*Honorable Diane J. Humetewa*
United States District Judge